UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20186-CIV-WILLIAMS/MCALILEY

GEORGE KAMPER INC,

    Plaintiff,

vs.

RUSTY STEIN & COMPANY,
RUSTY STEIN INTERNATIONAL
REAL ESTATE GROUP LLC, and
ESTELLE "RUSTY" STEIN,

    Defendants.
_____/

**REPORT AND RECOMMENDATION ON**
**UNOPPOSED MOTION TO VACATE CLERK'S DEFAULT**

Defendants, Rusty Stein & Company, Rusty Stein International Real Estate Group LLC, and Estelle "Rusty" Stein filed an Unopposed Motion to Vacate Clerk's Default (the "Motion"), which the Honorable Kathleen M. Williams referred to me for a report and recommendation. (ECF Nos. 11, 12). Plaintiff did not file a response memorandum, and the time to do so has passed. For the reasons that follow, I recommend that the Court grant the Motion.

    **I.**    **Background**

On January 13, 2022, Plaintiff filed this lawsuit against Defendants, asserting claims of copyright infringement. (ECF No. 1). The Complaint alleges, in sum, that Defendants unlawfully used one of Plaintiff's copyrighted works – a photograph – on their website to promote their real estate business. (*Id.*). Plaintiff served Defendants with the Complaint

and summonses, and their responses to the Complaint were due on February 9, 2022. *See* (ECF No. 7).[1]

Defendants did not file a timely response. As a result, on February 15, 2022, Plaintiff filed a motion that asked the Clerk to enter default against Defendants, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (ECF No. 8). The next day, the Clerk entered default against Defendants for failure to plead or otherwise defend. (ECF No. 9).

On March 1st, Defendants filed this Motion, which asks the Court to vacate that entry of default. (ECF No. 11). Plaintiff does not object. (*Id.* at 5).

**II.     Standard**

The Court has "considerable discretion" in deciding whether to set aside a default. *In re Fortner*, No. 12-60478-CIV, 2012 WL 3613879, at *7 (S.D. Fla. Aug. 21, 2012) (citing *Robinson v. United States*, 734 F.2d 735, 739 (11th Cir. 1984)). The Eleventh Circuit has held that defaults are disfavored because of the strong policy of determining cases on their merits. *Id.* (quoting *Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993)). A party seeking to vacate a default must only make a "bare minimum showing" to support the claim for relief. *Id.* (quoting *Jones v. Harell*, 858 F.2d 667, 669 (11th Cir. 1988)).

Rule 55(c) of the Federal Rules of Civil Procedure provides that a court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). The good cause standard is less stringent than the standard used for setting aside a default judgment. *EEOC v. Mike*

---

[1] Defendants Rusty Stein & Company and Estelle "Rusty" Stein contend that service on them was not proper.

*Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990). Good cause is not subject to a precise formula and courts consider a number of factors when determining whether good cause exists. *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). Those factors include whether (1) the default was culpable or willful, (2) setting aside the default would prejudice the adversary, (3) the defaulting party presents a meritorious defense, (4) the public interest was implicated, (5) there was significant financial loss to the defaulting party, and (6) the defaulting party acted promptly to correct the default. *Id.* (citations omitted). Courts need not consider every factor. *Id.*

### III.   Analysis

I find good cause exists to set aside the Clerk's entry of default. First, the default was not culpable or willful. "A party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings." *Pure Fresh, LLC v. Liaison Can./U.S. Logistics (USA) Corp.*, No. 19-cv-60079, 2019 WL 1921991, at *1 (S.D. Fla. Apr. 30, 2019) (alteration adopted) (quoting *S.E.C. v. Johnson*, 436 F. App'x 939, 945 (11th Cir. 2011)). I credit Defendants' counsel's statement that counsel has been "interacting with Plaintiff's counsel before he was even aware that a motion for clerk's default was filed" in an effort to "resolve this claim," and that since being served, Defendants have been making "good faith efforts to take down the alleged copyrighted image". (ECF No. 11 at 4). This demonstrates Defendants' prompt attention to this lawsuit, despite their failure to timely respond to the Complaint.

Second, setting aside the default would not prejudice Plaintiff. Defendants acted promptly to correct the default and filed this Motion about two weeks after the Clerk's entry of default. This case is still in its earliest stages, as it had only been pending for one-and-a-half months at the time Defendants filed this Motion, and the Court has not yet entered a scheduling order. In sum, this brief delay has not prejudiced Plaintiff's ability to pursue its claims against Defendants. *See James v. Progress Energy Fla., Inc.*, No. 11-cv-175, 2011 WL 3585816, at *2 (M.D. Fla. Aug. 16, 2011) (finding no prejudice when the defendant filed its motion to set aside default "less than three months after Plaintiff filed his Complaint and only two months after the clerk entered default").

Defendants argue that they have meritorious defenses against Plaintiff's claims. The Court need not reach that argument because sufficient grounds exist, based on other factors, to set aside the default. Moreover, the Court notes that Plaintiff has no objection to the relief requested.

Two of the Defendants – Rusty Stein & Company and Estelle "Rusty" Stein – make an additional argument that service of process upon them was insufficient. "Where service of process is insufficient, the entry of default is void and must be set aside." *J&J Sports Prods., Inc. v. Crown Ventures Enters., Inc.*, No. 13-CV-1991, 2013 WL 6768700, at *1 (N.D. Ga. Dec. 20, 2013) (citations omitted). A factual dispute exists regarding service of process. The return of service is consistent with proper service, as Plaintiff effected service upon Clifford M. Stein, as co-resident (and son) of the individual Defendant, Estelle

4

"Rusty" Stein.[2] Defendants, however, argue that Clifford M. Stein does not actually reside with Estelle "Rusty" Stein, and therefore service was improper. Defendants submit an affidavit of Clifford M. Stein – who is also counsel for all Defendants in this action – in which he attests that he does not reside with his mother, Estelle "Rusty" Stein. *See* (ECF No. 11-1 ¶¶ 2-3). This factual dispute provides additional good cause to set aside the default. *See J&J Sports Prods., Inc.*, 2013 WL 6768700, at *2 ("Given that there appears to be a genuine issue of fact as to whether service of process was proper, and because setting aside the default would not prejudice Plaintiff, the Court finds that good cause exists to set aside the default ...."). I decline to address the question of whether service was proper, as it is not necessary to resolve this Motion.

For those reasons, I recommend that the Court grant Defendants' Motion (ECF No. 11) and set aside the Clerk's entry of default (ECF No. 9).

## IV. Objections

**No later than seven (7) days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Kathleen M. Williams, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

---

[2] Estelle "Rusty" Stein is also the registered agent for Defendant Rusty Stein & Company.

RESPECTFULLY RECOMMENDED in Miami, Florida this 14th day of April 2022.

_____
CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Kathleen M. Williams
    Counsel of record